UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONYA R. DAKARI,

                              Plaintiff,

                 v.                                        5:05-CV-1494
                                                                                (NAM)

CUTLER DAWSON, NAVY FEDERAL CREDIT UNION,

                              Defendants.

APPEARANCES:

TONYA R. DAKARI
Plaintiff, *pro se*

NORMAN A. MORDUE, DISTRICT JUDGE

## DECISION and ORDER

       Presently before the Court is a complaint filed by *pro se* plaintiff Tonya R. Dakari.[1] This action, which was originally filed in the United State District Court for the Eastern District of Virginia, was transferred to this District by Order of District Judge Claude M. Hilton. Dkt. No. 3. Plaintiff has not paid any fee relating to this action, and seeks leave to proceed *in forma pauperis*. Dkt. No. 2.

       In her complaint, plaintiff asserts claims arising out the ownership of an automobile which plaintiff appears to have financed through defendant Navy Federal Credit Union (the "Credit Union").[2] Plaintiff claims that the Credit Union has improperly refused to release the certificate of title for the vehicle. Dkt. No. 1 at 1-3.

       By way of background, plaintiff was the debtor in a Chapter 13 bankruptcy proceeding in the

---

[1] The four page pleading is not signed.

[2] According to the complaint, the business of the Credit Union is conducted in Virginia. Dkt. No. 1 at 1. Defendant Dawson is identified as the president of the Credit Union. *Id.*

Northern District.  *See Dakari v. Navy Federal Credit Union*, 5:04-CV-0452 (NAM) (Appeal from Bankruptcy Court).  On September 29, 2003, plaintiff commenced an adversary proceeding against the Credit Union claiming that the certificate of title to the vehicle is in her son's name, and the Credit Union therefore did not have a perfected security interest in the vehicle.  *See id.* at Dkt. No. 16 at 1-2 (Memorandum Decision and Order of District Judge Norman A. Mordue filed May 9, 2005).  Plaintiff's Chapter 13 proceeding was dismissed by Bankruptcy Court on March 11, 2004 due to plaintiff's failure to comply with prior orders in that proceeding and, shortly thereafter, Bankruptcy Court dismissed the adversary proceeding.  *See id.,* Dkt. No. 16 at 2-3.

Plaintiff appealed the dismissal of the adversary proceeding to this Court.  By Memorandum-Decision and Order filed May 9, 2005, Bankruptcy Court's dismissal of the adversary proceeding was affirmed.  *See id.,* Dkt. No. 16 at 4.  Plaintiff's appeal of that decision was dismissed by the United States Court of Appeals for the Second Circuit.  *See id.*, Dkt. No. 21.

While the Bankruptcy Appeal was pending, plaintiff commenced another action in this Court by which she claimed that the Credit Union had engaged in debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.  *Dakari v. Navy Federal Credit Union*, 3:04-CV-0984 (TJM/DEP).  By Order of Senior District Judge Thomas J. McAvoy filed October 14, 2004, the action was dismissed for failure to state a claim because the Credit Union was not a "debt collector" as defined in the statute.  *Id*., Dkt. No. 3.

This action followed.  As noted, plaintiff filed the complaint in the Eastern District of Virginia, where the Credit Union is located, and where the security agreement appears to have been made.  Dkt. No. 1.  Plaintiff alleges that while she signed the security agreement, the Credit Union did not obtain a perfected security interest in the vehicle because the certificate of title was issued in her son's name.

2

Dkt. No. 1 at 2.[3]

In this case, where plaintiff seeks to proceed *in forma pauperis*, the Court must determine whether plaintiff has demonstrated sufficient economic need and must also consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e).[4] Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction *sua sponte*, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers*

---

[3] Although plaintiff denies any relationship between this case and her bankruptcy appeal (Dkt. No. 1 at 2), Judge Hilton concluded otherwise. Dkt. No. 3 at 1 and n. 1.

[4] Plaintiff's unsigned *in forma pauperis* application states that she earns $3,500 a month. Dkt. No. 3. Plaintiff does not identify any indebtedness, but states that she is responsible for the support of her grandsons. *Id*.

3

*Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint seeks to invoke the Court's diversity jurisdiction. Dkt. No. 1 at 1. Diversity jurisdiction exists only if there is diversity of citizenship between the parties **and** the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).

As noted, plaintiff identifies the Credit Union as an entity having its principal place of business in Virginia and it therefore appears that the parties are citizens of different states. However, the unsigned complaint is devoid of any facts which would establish that the amount in controversy exceeds the sum or value of $75,000. Accordingly, the court finds that it does not have diversity jurisdiction over this action.

In light of plaintiff's *pro se* status, the Court has also considered whether the complaint states a claim for relief pursuant to the Court's federal question jurisdiction which may be brought in this court, and concludes that it does not.

As noted, plaintiff's bankruptcy proceeding has been closed since November 10, 2005, when the Second Circuit issued its mandate dismissing plaintiff's appeal. Dkt. No. 21. The fact that the bankruptcy action was pending in this district does not confer jurisdiction over the claims asserted in this complaint. The Court further notes that while the complaint contains conclusory allegations that the defendants' alleged refusal to release the certificate of title violates her constitutional rights (see Dkt. No. 1 at 1, 3-4), those assertions are not sufficient to state a claim upon which relief may be

granted by this Court. The validity of the Credit Union's security interest is, as plaintiff herself recognizes, a matter of state not federal law.

In light of the foregoing, this Court finds that it lacks subject matter jurisdiction of plaintiff's claims. This action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

WHEREFORE, it is hereby

ORDERED, that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e), and it is further

ORDERED, that in light of the dismissal of this action, plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: January 11, 2006
         Syracuse, New York

Norman A. Mordue
U.S. District Judge